IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00809-GCM

| Ngando Theodore, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| City of Charlotte- Elliot E. Goins Jr., City of Charlotte- Barry M. Gullet, City of Charlotte- Curtis W. Walton Jr., and City of Charlotte- Joseph S. Lockler, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon Defendants' Motion to Strike the *pro se* Plaintiff's Amended Title VII Complaint ("ATC") [Doc. No. 15] and Defendants' Motions for Judgment on the Pleadings, Motion to Dismiss and Motion to Strike [Doc. Nos. 6, 10]. The *pro se* Plaintiff has filed responses to Defendants' motions.

**Procedural Background**

This matter has a rather complicated procedural history. Plaintiff, acting *pro se*, initiated the present action by filing two separate, lengthy Complaints on different dates in December 2012. One Complaint was filed under 42 U.S.C. §1983, with Plaintiff alleging violation of his rights under the Family Medical Leave Act ("FMLA") (the "§1983 Complaint") [3:12cv809, Doc. No. 1]. The other Complaint was filed under Title VII, with Plaintiff alleging employment discrimination based on race and retaliation (the "Title VII Complaint") [3:12cv834, Doc. No. 1].

1

On February 8, 2013, Defendants filed timely Answers in both cases [3:12cv834, Doc. No. 4; 3:12cv809, Doc. No. 4]. Subsequently, on February 20, 2013, Defendants filed Motions for Judgment on the Pleadings, to Dismiss, and to Strike in both cases. [3:12cv834, Doc. No. 6; 3:12cv809, Doc. No. 6, 10]. On February 27, 2013, this Court filed its Order Consolidating Cases for Trial, administratively closing the case originating with the Title VII Complaint. [Doc. No. 9]. Thereafter, Plaintiff filed an Amended Complaint on March 19, 2012 without seeking leave of this Court or written consent from Defendants. [Doc. No. 13]. Plaintiff appears to have only amended the Title VII Complaint that was originally filed before consolidation of the cases. Defendants then filed a Motion to Strike the Amended Complaint. [Doc. No. 15].

**Factual Background**

Plaintiff was hired in 2007 to work as a wastewater treatment operator in a Charlotte Mecklenburg Utilities Department ("CMUD") wastewater treatment plant. After transferring to the McDowell plant in February of 2010, Defendant Goins was Plaintiff's immediate supervisor. Defendant Gullet was and still is the Director of CMUD, and Defendant Walton was the City Manager of the City of Charlotte. The allegations in Plaintiff's § 1983 Complaint reveal that he was negotiating some sort of extended leave for the duration of December 2010 and January 2011 to care for his sick mother. He had apparently been in discussions about leave for several months before he began labeling it FMLA leave as of November 24, 2010, when a CMUD administrative assistant "designated" FMLA beginning November 24, 2010 so Plaintiff could take his mother to an appointment on November 29, 2010. However, Plaintiff did not take his mother to the Doctor on November 29th. Plaintiff claims that he went to a different doctor on December 1st, this time for his own injury – a swollen knee. Mr. Goins and the administrative assistant asked Plaintiff to see a City doctor for his injury, which he states he did. Plaintiff later

revealed that he had postponed his mother's appointment, and rescheduled it for December 6, 2010. (Doc. No. 1, p. 2.) Plaintiff alleges that "Mr. Goins attempted to compel, coerce, threaten and intimidate me to refrain from going to take my mother to see the doctor in Atlanta and instead come to work on Dec. 6, 2010…" (Doc. No. 1, pp. 2-3.) Plaintiff claims: "Despite Mr. Goins knowing I was within the confines of the FMLA law, he saw an opportunity to finalize their [sic] strategy to destroy my career in the Mcdowell creek 'green mile, where careers are destroyed', by continuing to frame, entrap and set up yet another innocent black man, for the final kill by throwing every and anything at me from false AWOL's, to biased, disparate. [sic] inequitable, discriminatory performance probation reports, and hoping something sticks." [1]

Plaintiff brought a separate Complaint under Title VII of the Civil Rights Act. Plaintiff filed two separate Charges of Discrimination against the City of Charlotte with the Equal Employment Opportunity Commission ("EEOC"), both of which are the subject of the underlying Complaint. Plaintiff's first Charge of Discrimination was filed with the EEOC on October 12, 2010, and alleged race and national origin discrimination against him. At that time, Plaintiff was still employed with the City and alleged it to be a continuing violation. Plaintiff's second Charge of Discrimination was filed with the EEOC on February 15, 2011, and alleged that his employment had been terminated in retaliation for filing the first Charge of Discrimination.

Plaintiff makes voluminous factual allegations in his Title VII Complaint. Under what Plaintiff styles as "Count I: Employment Discrimination" (3:12cv834, Doc. No. 1-2, pp. 1-2), Plaintiff makes a series of conclusory statements. Plaintiff's theme is clear—he felt he was

---

[1] Plaintiff insists in his response to the motion that his FMLA claim is not based upon race discrimination. (Doc. No. 19, pp. 1-2).

discriminated against. In this section, Plaintiff alleges that he was terminated "for no justifiable reason" by Defendant Goins and that he "gave me unjustified bogus negative evaluations/references, unlike our Caucasian colleagues with similar or worse violations…" (Doc. No. 1-2, p. 1.) Plaintiff also alleges that Mr. Goins "subjected him and co-worker Joseph Ihebuzor to "video surveillance espionage, etc. That [sic] was dehumanizing, humiliating and made life pure hell at Mr. Goins' Mcdowell Creek "GREEN MILE, WHERE CAREERS ARE DESTROYED." *Id.* (Emphasis in original.). Under what Plaintiff styles as "Count II: Employment Discrimination" (Doc. No. 1-3, pp. 1-10), Plaintiff alleges that he was not allowed to take the "Land Application of Residuals Exam" and that other employees were allowed to take a required state certification exam. Plaintiff cites this as an example of Mr. Goins' attempts to "control, legislate, dictate, micromanage, obstruct, impede, sabotage and derail my progress again." (Doc. No. 1-3, p. 1.) Plaintiff believes these actions were indicative of racial discrimination and of Mr. Goins' "tight fisted budget." (*Id*.)

Plaintiff then alleges that Defendant Lockler intentionally turned off equipment after Plaintiff's shift one night to make it look like Plaintiff had missed the equipment being turned off for an entire shift, when it was supposed to be operating. (Doc. 1-3, p. 2.) Plaintiff alleges that he was disciplined for failing to keep his work area clean, as was required of all working his position. He alleges that others were, in fact, not required to keep their work area clean, and that this was further evidence of racial discrimination. (Doc. 1-3, p. 3.) Plaintiff then delves into his section entitled "Sex Based Sexual Harassment." (Doc. 1-3, pp. 4-6). After that, Plaintiff describes "hostile work environment/general harassment."

4

## Motion to Strike the Amended Complaint

Defendants argue that this Court should strike Plaintiff's ATC because Plaintiff failed to comply with Fed. R. Civ. P. 15 in that he failed to file it within 21 days after service of Defendants' Answer, failed to seek this Court's leave or obtain Defendants' consent. Plaintiff contends that this Court ordered him to amend his Title VII Complaint. However, the Court never made such an order.

A party may amend its pleading once as a matter of course within (a) 21 days after serving it or (b) 21 days after service of a responsive pleading if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1). Here, Defendants served Plaintiff with their Answer on February 8, 2013 [3:12cv834, Doc. No. 4]. Thus, even assuming three days for service by U.S. Postal Service, Plaintiff was required to file the ATC no later than March 5, 2013 to amend as a matter of course. However, Plaintiff did not file the ATC until March 19, 2013. It was served on Defendants on March 20, 2013. Accordingly, Plaintiff failed to properly amend his original Title VII Complaint as a matter of course.

As Plaintiff failed to properly amend as a matter of course, the only way Plaintiff could have amended his complaint is with Defendants' written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Plaintiff neither obtained Defendants' consent to amend his Complaint, nor did he request and receive leave of court to amend. Thus, Plaintiff filed his ATC in a manner unauthorized by the Federal Rules of Civil Procedure. Accordingly, the ATC will be stricken.

**Motions to Dismiss**

I.       **Title VII Complaint--Rule 12(b)(1):**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides grounds for dismissal if there is no subject matter jurisdiction. Before a Plaintiff may file a suit under Title VII, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. §2000e-5(f)(1). The scope of the federal lawsuit is limited by the contents of the EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *citing Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.*, quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

The Fourth Circuit has clearly stated that factual allegations in a federal lawsuit must correspond with those in the EEOC charge. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). In *Chacko,* the court gave the following examples of procedurally barred claims:

- Basis of discrimination: "[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Id, citing Bryant,* 288 F.3d at 132-33;
- Type of discrimination: "A claim will also typically be barred if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits. *Id., citing Evans,* 80 F.3d at 963-64.
- Discrete acts of discrimination: "[T]he allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Id.* (citations omitted); and
- Vagueness of charge: "[I]f the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred. *Id.* (citation omitted).

When a plaintiff fails to exhaust administrative remedies concerning a Title VII claim, it deprives the federal courts of subject matter jurisdiction over the claim. *Jones,* 551 F.3d at 300.

It appears to the Court that several of Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

### A. Sexual Harassment:

Plaintiff filed two charges with the EEOC. The first charge (3:12CV834, Doc. No. 4-1), dated October 12, 2010, had the boxes "Race" and "National Origin" checked. The charge was against the City of Charlotte and contained only allegations of Race discrimination. The second EEOC charge (3:12cv834, Doc. No. 4-2), dated February 15, 2011, had only the "Retaliation" box checked. Neither of the EEOC charges alleged or even alluded to a possibility of a sex discrimination claim. Accordingly, this claim is procedurally barred because the basis of discrimination does not correspond to the EEOC charges. The Court also finds the allegations in Section 4 of Plaintiff's Title VII Complaint (3:12cv834, Doc. No. 1-3, pp.4-6) to be immaterial, impertinent and scandalous and therefore orders them stricken from the Title VII Complaint pursuant to Defendants' Rule 12(h) Motion (3:12cv809, Doc. No. 10).

### B. Equal Pay:

In his Complaint, Plaintiff claims he was denied equal pay. Neither of Plaintiff's EEOC charges alleged or alluded to a possibility of an equal pay claim. In his first EEOC charge, Plaintiff claimed he was subjected to "racial harassment to include racially derogatory comments, punitive actions, emails, and not being allowed to further my career." He also claimed that he was denied an opportunity to take an examination and was written up for poor performance. In his second EEOC charge, Plaintiff claimed he was terminated because he had previously filed an EEOC charge. Based on the information in Plaintiff's second charge, he had already been terminated from employment when that charge was filed. Therefore, Plaintiff would have known about his equal pay claim at the time he filed the second charge. By not mentioning

his equal pay claim, he did not put the City or the EEOC on notice, resulting in failure to exhaust his administrative remedies. Accordingly, his equal pay claim is procedurally barred because the type of discrimination does not correspond to the EEOC charges.

### C. Whistleblower Retaliation Claim:

Plaintiff alleges that he contacted the North Carolina Department of Water Quality and U.S. Environmental Protection Agency to complain about the City of Charlotte and that he was retaliated against because of that complaint. Not only did Plaintiff fail to link this alleged retaliation to his Title VII race discrimination claim, he did not allude to this type of retaliation in the EEOC charge that was filed after he was terminated. Accordingly, this claim is likewise barred.

### D. Grievance Retaliation:

Plaintiff alleges that he "was attempting" to file a Grievance Complaint with the City of Charlotte's Human Resources Department and that he was retaliated against because of that. Plaintiff did not allude to this type of retaliation in the EEOC charge that was filed after he was terminated. Therefore, a retaliation claim based upon this discrete act is barred.

### E. "Voicing Displeasure" Retaliation:

Plaintiff alleges in three separate claims of retaliation that he voiced displeasure over something that his supervisor did and that his supervisor retaliated against him. Again, the second EEOC charge, filed by Plaintiff after he was terminated, referred to only one discrete act of discrimination that was the basis of the alleged retaliation against him – the filing of the first EEOC charge. He cannot now expand his claim of retaliation to a broader pattern of misconduct, which is procedurally barred.

It appears to the Court that the only retaliation claim for which Plaintiff properly exhausted his administrative remedies is his claim of retaliation for filing the first EEOC charge. This is the only discrete act of discrimination described on the charge, and Plaintiff did not check the "Continuing Violation" box in that charge.

**II.     Title VII Complaint and § 1983 Complaint--12(b)(6):**

Defendants' Motion for Judgment on the Pleadings employs the same standard of review as a motion to dismiss for failure to state a claim upon which relief can be granted. *See*, *e.g.*, *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss brought pursuant to Rule 12(b)(6) will be granted if it "appears certain that the Plaintiff can prove no set of facts which would support his claim and would entitle him to relief." *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 (4th Cir. 2004) (internal quotation and citation omitted). The complaint is viewed in the light most favorable to the Plaintiff. *South Carolina Dept. of Health & Environ. Control v. Commerce & Industry Ins. Co.,* 372 F.3d 245, 255 (4th Cir. 2004). Although the Court must review the facts in a light most favorable to the Plaintiff, it need not accept the legal conclusions drawn from the facts, and need not accept implausible factual allegations. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

While *pro se* petitioners are held to "less stringent" pleading standard than attorneys, the Court should not be saddled with the burden of rewriting claims never presented in the Complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "District judges are not mind readers;" the Court should not "conjure up questions" that do not—and cannot— exist. *Id*.

The Court first of all notes that Plaintiff made no factual allegations against Defendants Gullet and Walton in either his § 1983 or Title VII Complaint.  In fact, the only mention of these

Defendants is in the "Parties" section of each Complaint. In his § 1983 Complaint, Plaintiff concludes that they are liable to him for "dereliction of duty," *based solely on* their positions within the City. Following is everything Plaintiff alleges about Defendant Gullet:

> "Dereliction of duty. Failed to investigate, supervise & ensure Mr. Goins was abiding by FMLA laws/statutes; stop him from circumventing or breaking the law; not protecting me from Mr. Goins green mile wrath & preplanned lynching at Mcdowell's, Greenmile, dead end point of no return; job threats, intimidation, harassment, denigration, humiliation[.]"

(3:12cv809, Doc. No. 1, p.4) In an even broader and more conclusory allegation, Plaintiff alleges only the following against Defendant Walton:

> "Dereliction of duty. Failed to make sure all city, state & federal laws are enforced and followed by all city employees especially management; that all employees are treated fairly and equally under the law and in filing grievances against managers."

*Id*. Plaintiff has the burden of pleading "more than a sheer possibility that a defendant acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). Plaintiff must make more than "naked assertions of wrongdoing" without any "factual enhancement." *Id.*, *quoting*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). See also *Iqbal*, 556 U.S. 662 (Allegations which are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff has failed to meet even the minimal pleading requirements of Fed. R. Civ. P. 8(a)(2). The only paragraphs that even mention Defendants Gullet and Walton identify them as parties, make naked assertions of dereliction of duties, and conclude their liability to Plaintiff. Plaintiff makes no mention of either Defendant having knowledge of Plaintiff's employment with the City, Mr. Goins' actions, or Plaintiff's termination from employment.

Because Plaintiff has failed to state a claim against Defendants Gullet and Walton, the Court dismisses the Complaint, with prejudice, as to these Defendants. Moreover, there is no individual liability under Title VII, therefore Plaintiff fails to state a claim against any of the individually named Defendants in his Title VII Complaint.

The Court now turns to the allegations against Defendant Goins in the § 1983 Complaint. To determine whether a state official is being sued in a personal capacity, this Court must "examine the nature of [P]laintiff's claims, the relief sought, and the course of proceedings." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). Although Plaintiff's Complaint is scattershot, his sweeping declarations as to citywide misconduct and the nature of his claims shows that all the individually-named Defendants have been sued in their official capacities only. The Complaint prefaced each party's name with "City of Charlotte." Plaintiff addressed each summons to the City's Department of Human Resources – listing that address as each individual Defendant's address. Plaintiff alleged that all Defendants are liable due to their supervisory capacities with the City of Charlotte. Plaintiff alleged in the "Nature of the Case" portion of the Complaint that the City violated the FMLA. Plaintiff only alleged corporate notice of an FMLA request to the City. Plaintiff indicated that, up until the time that he actually missed work, (1) Mr. Goins knew he was on a flexible work schedule ("I agreed with Mr. Goins to take off my week work days … as *vacation* and work my other two weekend days … to take care of my mother"); (2) Ms. Byers knew of his FMLA request (*I informed Ms. Byers* and requested to take FMLA in December 2010 and January 2011…" ); and (3) he "had been discussing some sort of leave in my entire duration at Mc[D]owell…" (Doc. 1, p. 2.) (emphasis added). Plaintiff's Complaint *only* alleged with any satisfactory specificity that *the City* had corporate notice of his intent to take FMLA leave. It is clear from Plaintiff's Complaint that he is suing Defendant Goins in his

official capacity only.[2] Accordingly, any claim against Defendant Goins in his individual capacity is dismissed.

By suing Defendants in their official capacities, Plaintiff has essentially brought his claims against the government entity for which they work—the City of Charlotte. *See*, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Even if properly sued in their individual capacities, the remaining individual Defendants have only been sued based on their supervisory roles. It is well-settled that employers cannot be liable under section 1983 for actions of its employees or agents premised exclusively upon a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As discussed above, Plaintiff makes no factual allegations at all against Defendants Gullet and Walton except that they were derelict in their duty—*i.e.*, they failed to protect him from Defendant Goins. When a plaintiff "alleges municipal omission – either a deliberate indifference or the condonation of an unconstitutional custom", the claim is most likely to be invalid under Monell's "forbidden realm" of §1983 municipal liability. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

Even viewed in the light most favorable to the Plaintiff, the only claim that survives Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is Plaintiff's FMLA claim against the Defendant City of Charlotte. Moreover, Plaintiff's Title VII Complaint may only stand as against the Defendant City and only as to those claims not specifically listed below.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike [Doc. No. 15] is hereby GRANTED;

---

[2] As noted above, Plaintiff insists he is not seeking to allege violation of the FMLA because of racial animus.

IT IS FURTHER ORDERED that Plaintiff's § 1983 Complaint is dismissed with prejudice as against all Defendants except the City of Charlotte and all claims except for his FMLA claim against the City; and

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, Motion for Judgment on the Pleadings and Motion to Strike is GRANTED and Plaintiff's Title VII Complaint is dismissed with prejudice as to each individually named Defendant and as to Plaintiff's (1) sexual harassment claim, (2) equal pay claim, (3) whistleblower retaliation claim, (4) grievance retaliation claim, and (5) "voicing displeasure" retaliation claim. Furthermore, the Clerk shall strike the Title VII Complaint (3:12cv834, Doc. No. 1) and Plaintiff is HEREBY ORDERED to file an Amended Complaint without the text contained in Pages four through six of Document 1-3 (labeled "Sex Based Sexual Harassment") and omitting the claims dismissed by the Court as described herein.

Signed: November 1, 2013

Graham C. Mullen
United States District Judge